## Whitetulewich's Appeal

*Fred W. Davis*, for Commonwealth.

*J. Gordon Mason* and *Nathaniel Jacobs*, for petitioner.

COUGHLIN, J., March 26, 1934.—John Whitetulewich applied to the Pennsylvania Liquor Control Board of the Commonwealth of Pennsylvania for a restaurant liquor license, which was refused without a hearing on the statement in his application that he had been indicted for but convicted of no crime, and that the premises covered by the license had never been subject to State or Federal padlock or nuisance proceedings. The petitioner appealed to this court under the statute, and a hearing was held, the board being represented. Evidence was adduced in support of the qualifications and character of applicant. The wit-

nesses offered in support thereof were persons of standing in the community and were uncontradicted.

The application for the license covered premises owned by the petitioner and conducted as a restaurant by himself personally. It is a valuable property, wherein, according to the testimony, a restaurant had been conducted for the past 40 years. Its fitness and compliance with the provisions of the statute governing the same were not questioned. It now appears that a fine was paid by petitioner in the United States court for having upon his premises six half barrels of beer of alcoholic content alleged to have been greater than allowed by law at that time. This appears not by the production of any records showing proceedings against applicant, or in rem against the premises, but upon the admission of applicant, who now claims it was not included in the statement set forth in the application because it did not occur within the last 3 years, he having been advised by counsel that such were the requirements of the law.

The only reason appearing for the refusal of the application is the statement of counsel on both sides that it was refused because of the untrue statement in the application, with no hearing or explanation thereof. The refusal was in accordance with the policy at that time adopted by the State Liquor Control Board, and we would not say as a matter of law that the regulation in itself was an unreasonable one.

This legislation does not set up the court as an independent licensing authority, and the purpose of an appeal provided for by the act is to prevent arbitrary or unreasonable exercise of power or abuse of discretion upon the part of the Liquor Control Board. If the board has established, as stated by the court in Shindor's Appeal, 19 D. & C. 596, a rule or regulation that recent violators of our liquor laws shall not be entitled to a license to sell liquor at this time, we cannot say that the rule or regulation is unreasonable. However, in the present case the violation established by the admission of applicant having not been a recent one, but several years ago, and no opportunity having been given applicant to explain it and no hearing having been held, a different problem presents itself.

It is apparent that, at the beginning of the functioning of the Pennsylvania Liquor Control Board, methods of procedure, as well as well-defined policies and regulations, were difficult by reason of the pressure and volume of the task. The evidence discloses, through admissions of counsel, that cases similar to the petitioner's have, subsequent to the date of his application, been favorably considered, and that hearings are now allowed on all such applications.

Under the statute, the granting of licenses rests with the Liquor Control Board, with appeal to the court of quarter sessions. It was not contemplated that that court should be an independent licensing authority, though on appeal the court could prevent arbitrary or unreasonable exercise of power. No method of remitting the matter to the Liquor Control Board is provided in the statute. We do believe applicant is entitled to be heard in the same manner as applications subsequent to his, which have been made possible by the fact that the initial task of establishment and regulation, with its involved difficulties and responsibilities, has passed. We therefore direct the applicant to renew his application before the Liquor Control Board, where no doubt he will now be granted an opportunity to be heard, without prejudice to his right of appeal under the statute.